```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-14002-CIV-MARTINEZ
                                    MAGISTRATE JUDGE P.A. WHITE
JOHN M. STROINSKI,           :

        Plaintiff,           :

v.                           :      REPORT OF
                                    MAGISTRATE JUDGE
SHERIFF KEN MASCARA, et al., :

        Defendants.          :
_____
```

## I  INTRODUCTION

In this case, the plaintiff John M. Stroinski filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 while confined at the St. Lucie County Jail ("SLCJ") concerning events at that institution. Thereafter, he was transferred to the Florida DOC, and filed an amended §1983 complaint (DE#11) from the Central Florida Reception Center ("CFRC"), complaining of alleged violations at the SLCJ by 5 defendants: 1) Terrence Mongo; 2) Ron Harris; 3) Ms. Law; 4) Ms. Rosemary; and 5) Mrs. Polly. As noted in the Preliminary Report (DE#15) Stroinski claimed, generally, that he was forced to work excessive hours, and was threatened with disciplinary action if he refused to work. Mongo, who directed the kitchen staff, allegedly was aware that Stroinski was working from 2:30 a.m. until 4:00 p.m. Stroinski described the extent of his duties, and alleged that all the defendants told him that he would be put in segregation if he refused to work, and that he would lose privileges and gain time. He alleged that as a pretrial detainee, being forced to work under such a threat violated his constitutional rights.  He also alleged that on 12/31/08 he decided that he could no longer work, and therefore was taken to confinement where he remained for 7 days, and lost his trustee status and was told that he could lose gain time. His complaint that someone should have to "pay" for the constitutional violation was construed as a prayer for damages.

While the Preliminary Report (DE#15) noted that pretrial detainees may be compelled to perform "some service in the prison," (Id. at p.5, citing Hause v. Vaught, 993 F.2d 1079 (4 Cir. 1993)), the Report noted that the amended pleading, liberally construed,

raised a claim that the required work might have gone beyond the "some service" permitted, and noted that the claim that Stroinski was threatened with punishment if he refused to work could, pursuant to Bell v. Wolfish, 441 U.S. 520, 535-36 (1979) and Martinez v. Turner, 977 F.2d 421, 423 (8 Cir. 1992), cert. denied 507 U.S. 1009 (1993), amount to a claim of unconstitutional punishment in deprivation of his Due Process rights.

**This Cause is now before the Court upon a Motion to Dismiss (DE#32 at pp.1-7) by Ron Harris, Terrell Mongo** [sued as Terrance Mongo], **Alma Woodson** [sued as Mrs. Polly], **Rosemary Cividanes** [sued as Ms. Rosemary], **and Carol Law** [sued as Ms. Law], with supporting Exhibits (DE#32, at pp.8-39), **which was construed as a motion for summary judgment.** The plaintiff Stroinski, as a *pro se* litigant, was instructed that the defendants' filing would be treated as a motion for summary judgment, and was informed of his right to oppose it. (See Order of Instructions, DE#33).[1] The Order DE#33

---

[1] Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interroga-
> tories, and admissions on file, together with the
> affidavits, if any, show that there is no genuine issue
> as to any material fact, and that the moving party is
> entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to
> establish the existence of an element essential to that
> party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there
> can be 'no genuine issue as to any material fact,' since
> a complete failure of proof concerning an essential
> element of the non-moving party's case necessarily ren-
> ders all other facts immaterial. The moving party is
> 'entitled to judgment as a matter of law' because the
> non-moving party has failed to make a sufficient showing
> on an essential element of her case with respect to
> which she has the burden of proof. (citations omitted)

Thus, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving

provided the plaintiff with instructions regarding the requirements under Fed.R.Civ.P. 56 for a proper response to such a motion. Plaintiff's copy of the Order of Instructions dated 7/22/09 was sent to him at the St. Lucie County Jail, which had been his address of record since 7/16/09 (see Notice of Change of Address, DE#31). The plaintiff has filed no response in opposition to the defendants' motion (DE#32). It appears from the record that the plaintiff's copies of the Order of Instructions (DE#33, entered 7/22/09) and of the Court's pretrial scheduling Order (DE#34, entered 8/3/09), both of which were sent to him at the SLCJ, were delivered. There is no notation in the record that mail from the Court containing them was returned as undeliverable. Later, in September, the plaintiff's copy of an Order entered on 9/15/09 (DE#37 –- ruling on defendants' motion DE#36 seeking a ruling on

---

party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir.1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir.1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir.1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

   Pursuant to Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987), the Order of Instructions to Pro Se Plaintiff Concerning Response to Motion for Summary Judgment (DE#33) was entered to inform the *pro se* plaintiff of his right to respond to the defendants' motion for summary judgment, and to instruct him regarding requirements under Fed.R.Civ.P. 56 for a proper response to such a motion.

3

their motion DE#32), which had been sent to Stroinski at the SLCJ, was returned as undeliverable. (See notation entered by the Clerk at DE#38 on the CM/ECF docket).

In conjunction with the entry of this Report, an inspection of public records pertaining to plaintiff Stroinski, which are maintained by the Florida DOC on the Internet (see *Corrections Offender Network*, at www.dc.state.fl.us) reveals that he is no longer at the SLCJ, and is again confined in the Florida DOC at Taylor CI.

Plaintiff's failure to respond to the pending motion to dismiss, treated as a motion for summary judgment (of which he had notice in July 2009), coupled with his failure to file a required Notice of Change of Address upon his transfer from the SLCJ back to the Florida DOC, suggests that he may have abandoned this lawsuit. (The initial Order of Instructions, DE#4, warned the plaintiff of his duty to promptly file a Notice of Change of Address, with a copy to opposing parties, upon each and every change in his address. That Order cautioned the plaintiff that his failure to file a Notice of Change of Address was itself grounds for dismissal of the lawsuit for lack of prosecution).

A copy of this Report will be sent to the plaintiff at Taylor C.I., and upon entry of this Report, the clerk will be instructed to modify the CM/ECF docket to show that Stroinski is now in the Florida DOC at Taylor C.I. and not at the SLCJ.

## II    DISCUSSION

The defendants, who state they are employees of ARAMARK Correctional Services Inc., which provides management, staff, food, and materials to feed the inmate population at the SLCJ, argue that they are entitled to disposition of the complaint, as amended, on multiple grounds, including failure to state a claim for relief under §1983, and lack of exhaustion of administrative remedies.

For reasons discussed below, the lack of exhaustion defense is treated as a threshold issue; and due to plaintiff's failure to

rebut the defendants' argument and showing that he did not satisfy the pre-suit administrative exhaustion requirement before bringing this case in federal court, no further discussion regarding the defendants' alternative defenses is warranted.

As enacted on April 26, 1996, the PLRA significantly altered a prisoner's right to bring civil actions in forma pauperis, and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement. Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides, in pertinent part, as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Courts have made clear that §1997e(a), as amended, requires a prisoner to have exhausted those administrative processes which are available to him before bringing suit on a claim in federal court. Alexander v. Hawk, 159 F.3d 1321 (11 Cir. 1998); Booth v. Churner, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief..."); Miller v. Tanner, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under §1983); Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir. 1999) (where a grievance was not timely filed, an appellant must have sought leave to file an out-of-time grievance, and if he has not done so before bringing suit, then his administrative remedies will be considered unexhausted, since to find otherwise would allow inmates to simply ignore the PLRA's exhaustion requirement and still gain access to federal court).

Thus, the Courts have held that satisfaction of the PLRA exhaustion requirement serves as a threshold issue, since the statutory mandate requires an inmate/prisoner must have fully exhausted the administrative remedies/processes which are available to him or her, <u>before</u> bringing suit on a claim in federal court, regardless of the form of relief that the administrative process makes available. <u>See</u> <u>Booth</u>, <u>supra</u> 532 U.S. at 736-41; <u>Higginbottom v. Carter</u>, 223 F.3d 1259 (11 Cir. 2000); <u>Miller</u>, <u>supra</u>, 196 F.3d at 1193; <u>Harris v. Garner</u>, 190 F.3d 1279, 1286 (11 Cir. 1999); <u>Harper</u>, <u>supra</u>, 179 F.3d at 1312; <u>Alexander</u>, <u>supra</u>, 159 F.3d at 1325-26.

The Eleventh Circuit and Supreme Court have outlined policy concerns underlying the exhaustion requirement, which are served when inmates are not permitted to simply ignore the PLRA's exhaustion requirement, and yet gain access to federal court.[2]

Even when an inmate argues that it would be futile for him to attempt to exhaust the administrative processes which are available as part of an established inmate grievance procedure, that does not

---

[2] The Eleventh Circuit has described seven policy reasons for favoring an exhaustion requirement: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. <u>Alexander v. Hawk</u>, <u>supra</u>, 159 F.3d at 1327; <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1156 (11 Cir. 2005). The Supreme Court, in 2002, observed that the current exhaustion requirement under §1997e(a) was designed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances, corrective action taken in response to a grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. <u>Porter v. Nussle</u>, 534 U.S. 516, 516-17 (2002). The Court further noted that in other instances, the internal review might filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. <u>Id</u>. at 517.

6

excuse the inmate/plaintiff's failure to comply with the statutory requirement that he must do so.[3]

The defendants, through their motion and exhibits establish that the applicable administrative exhaustion procedure is provided through the inmate grievance procedure established for use by detainees at the SLCJ. A copy of that inmate grievance procedure, which is set out in the "Inmate Rules and Regulations" (a/k/a

---

[3] The term "available," as used in Section 1997e(a), does not mean that inmates must only exhaust their administrative remedies if the type of relief they seek is "available" within the administrative apparatus; instead, the term means that a prisoner must exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. Alexander v. Hawk, supra at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). This means that an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all of his administrative remedies before filing suit, even if money damages are not available as relief through the jail or prison grievance procedure. Alexander, supra; Moore v. Smith, 18 F.Supp.2d 1360, 1364 (N.D.Ga. 1998). The Supreme Court has explained that "available" refers to the "possibility of some relief for the action complained of." Booth v. Churner, 532 U.S. 731, 738 (2001); Hall v. Richardson, 144 Fed.Appx. 835, 836, n.2 (11 Cir. 2005) (citing Booth, for the Court's definition of "available" in the context of §1997e(a)).

The Eleventh Circuit has held that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," Alexander v. Hawk, supra, 159 F.3d at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). Where exhaustion is now a precondition to suit "the courts cannot simply waive those requirements where they determine that they are futile or inadequate," since "such an interpretation would impose an enormous loophole in the PLRA which Congress clearly did not intend," and because "[m]andatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply," Alexander, supra, at 1326 [citing, Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that where exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement...may not be dispensed with merely by a judicial conclusion of futility")]. Cf. Qawi v. Stegall, et al., 211 F.3d 1270 [table case, published on Westlaw], No. 98-1402, 2000 WL 571919, at *1-2 (6 Cir. (Mich) May 3, 2000) (Circuit Court affirming district Court's dismissal of the complaint for lack of exhaustion, and noting that the dismissal was appropriate even though by time of the appeal the plaintiff's administrative remedies might have become time-barred) (citing Hartsfield v. Vidor, 199 F.3d 305, 309 (6 Cir. 1999); and Wright v. Morris, 111 F.3d 414, 417, n.3 (6 Cir. 1997)). Even an inmate's transfer from an institution does not remove the requirement that he/she pursue and exhaust administrative remedies concerning events which occurred at the institution prior to the inmate/prisoner's transfer. See Hall v. Richardson, 144 Fed.Appx. 835, 836, n.2 (11 Cir. 2005) (in case where plaintiff argued on appeal that he could not exhaust his administrative remedies because he was transferred from the institution where the alleged violations occurred, that he could no longer pursue exhausting his remedies through the administrative process, and that the transfer should be deemed to have removed the exhaustion requirements, the Appellate Court, upon affirming the district Court's dismissal pursuant to §1997e(a), rejected the plaintiff's arguments, and in doing so noted that incidents he complained of had occurred in December 2000 and December 2001, but he was not transferred until February 28, 2002, and therefore he had not exhausted his administrative remedies when he had the opportunity to do so).

Inmate Handbook), appears in the record in this case along with the Affidavit of F. Patrick Tighe, the SLCJ Director of Detention. (See Defendants' Exhibit B, with Tighe Affidavit at DE#32, pp.14-16; and Inmate Handbook at DE#32, pp.19-27).

Here, the defendants state in their motion that plaintiff's amended complaint fails to allege that he exhausted his available administrative remedies before filing suit. (Motion, DE#32, p.7, ¶26). The Motion, and Tighe's Affidavit, however, not only state that plaintiff failed to allege that he exhausted his remedies; they also affirmatively state that the plaintiff actually did fail to exhaust his available administrative remedies with regard to the claims raised in his amended pleading in this case.

A plaintiff's failure to plead exhaustion upon filing a complaint is not grounds for dismissal, as the Supreme Court has held that failure to exhaust is an affirmative defense, and a plaintiff is not required to plead and demonstrate exhaustion of remedies in his complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007). But while a plaintiff is not required to plead in his complaint that he exhausted his available administrative remedies, at summary judgment he must show that he did indeed exhaust such remedies when faced with a lack of exhaustion defense.

Here, the defendants in their motion have argued that "Plaintiff's suit is barred because Plaintiff has failed to exhaust the available administrative remedies" (Motion, DE#32 at p.5, ¶19); and Director Tighe has stated in his Affidavit that "the Handbook is issued to all inmates upon their arrival at the St. Lucie County Jail" (Affidavit, ¶6, DE#32 at p.15), and that "Prior to commencing his lawsuit against the above-named defendants [Harris, Law, Mongo, Woodson, and Cividanes], inmate John Stroinski failed to exhaust the grievance procedures outlined in the Handbook" (Affidavit, ¶8, at DE#32 p.15).

Absent any evidence from the plaintiff in opposition to the defendants' motion, to show that he had exhausted the available

8

administrative remedies set out in the SLCJ Inmate Handbook before January 2, 2009, when he brought this lawsuit [he signed and dated the initial complaint for submission to the court on 1/2/09 (see DE#1, p.6)], the defendants' showing of lack of exhaustion is un-refuted. Therefore, on that ground, they are entitled to summary disposition of the amended complaint in their favor.

### III      CONCLUSION

It is therefore recommended that: 1) the defendants' motion to dismiss (DE#32), treated as a motion for summary judgment, be GRANTED as to all claims and defendants; and 2) this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: January 12th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   John M. Stroinski, Pro Se
      DC# No. K76915
      Taylor Correctional Institution
      8515 Hampton Springs Road
      Perry, FL 32348

      Kenneth W. Moffet, Esquire
      VERNIS & BOWLING OF PALM BEACH, P.A.
      884 U.S. Highway One
      North Palm Beach, FL 33408