UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:09-14002-CIV-MARTINEZ-WHITE**

JOHN M. STROINSKI,

      Plaintiff,

v.

SHERIFF KEN MASCARA, et. al.

      Defendants

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for all pre-trial matters (D.E. No. 2).  The Magistrate Judge filed a Report and Recommendation **(D.E. No. 39)** on January 12, 2010.  Prior to filing the Report and Recommendation, Judge White construed the Defendants' Motion to Dismiss as a motion for summary judgment **(D.E. No. 32).**  Judge White therefore considered the Defendants' affidavits, which were submitted for consideration along with their motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(d)( "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *see also United Steelworkers of America v. American International Aluminum Corp*, 334 F.3d 147 (5th Cir. 1964); *Santiago v. Fields*, 170 F. Supp. 2d 453 (D. Del. Oct. 17, 2001) (finding that conversion of a motion to dismiss to a motion for summary judgment was appropriate based on defendants' affidavits in a prisoner's §1983 case).  No objections have been filed.

      The Court has determined that the plaintiff John M. Stroinski was given adequate notice to rebut the Defendants' motion for summary judgment, as the plaintiff was given express notice of the summary judgment rules, was appraised of his rights to file affidavits or other materials to rebut the motion, and was fully informed of the consequences of default. *See* (D.E. No. 33).  The

Eleventh Circuit has held that it is well established that the ten-day notice requirement of Rule 56(c) constitutes fair notice.  *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983).  A *pro se* plaintiff in particular must be advised of his right to file counteraffidavits or other material and must be alerted to the fact that failure to respond may result in an entry of summary judgment against him. *Moore*, 703 F.2d at 521; *see also Sommerville v. Hall*, 2 F.3d 1563 (11th Cir. 1993) (holding that an adverse party proceeding *pro se* must be given express ten-day notice of the summary judgment rules, notice of his right to file affidavits and other materials, and notice of the consequences of default).  Magistrate Judge White provided ample notice to Plaintiff.  Furthermore, upon review of the Report and Recommendation, this Court finds no error.  Accordingly, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Patrick A. White's Report and Recommendation **(D.E. No. 39)** on January 12, 2010 is **AFFIRMED** and **ADOPTED**.  Accordingly, it is **ADJUDGED** that

1. Defendants' motion to dismiss **(D.E. No. 32)**, treated as a motion for summary judgment, is **GRANTED** as to all claims and all Defendants.

2. This case is **CLOSED** and all pending Motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of February, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Patrick A. White
All Counsel of Record

John M. Stroinski, *Pro Se*
DC# No. K76915
Taylor Correctional Institution
8515 Hampton Springs Road
Perry, FL 32348